IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Stewart Davies, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 50208 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| LoanCare, LLC, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's petition for award of attorneys' fees [125], is granted in part and denied in part. Plaintiff is ordered to pay Defendant the amount of $10,697.50. Plaintiff's motion to extend discovery [127], is denied. The Court will take up any motion filed by either party regarding how to proceed with this case. Any motion is due by August 19, 2022.

## BACKGROUND

On June 16, 2022, the Court granted in part and denied in part Defendant's motion to dismiss and for the entry of sanctions pursuant to Rule 37 [124]. On July 7, 2022, Defendant filed a petition seeking $10,868.50 in attorneys' fees incurred in connection with the motion to dismiss pursuant to Rule 37 [125]. Plaintiff filed a response to the petition on July 30, 2022 [133].

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a Rule 37 motion "is granted…the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The idea behind this rule is "that a party should not be put to the expense of filing motions to obtain discovery to which it is otherwise entitled." *Roldan v. Coca Cola Refreshments USA, Inc.*, No. 20 C 305, 2021 WL 38139 (N.D. Ill. Jan. 5, 2021). In addition, "sanctions enable a district court to prevent the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) (internal citation omitted).

## DISCUSSION

A. Billing Rate

In evaluating the fee petition, the Court will start with the hourly rate. "In order to arrive at the amount to be awarded as reasonable fees, this court must determine the reasonable hourly

rate to be applied and the number of hours reasonably expended, and then multiply the two figures." *Golden v. City of Chi.*, No. 13 C 1477, 2015 WL 12839131, at *2 (N.D. Ill. Aug. 27, 2015). This calculation, known as the lodestar analysis, "yields a presumptively reasonable fee," but "the court may nevertheless adjust the fee based on factors not included in the computation." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014) (internal citation omitted). "A reasonable hourly rate is based on the local market rate for the attorney's services," the best evidence of which is "the amount the attorney actually bills for similar work." *Id.*

Defendant requests the following rates for the attorneys and staff who worked on the motion to dismiss: $285 per hour for Michael E. Lacy, partner at Troutman Pepper Hamilton Sanders, LLP, practicing attorney since 2004; $285 per hour for Punit K. Marwaha, an associate at Troutman Pepper, practicing attorney for 10 years; and $175 per hour for Alexander G. Crump, paralegal at Troutman Pepper. Defense counsel's affidavit states that the hourly rates charged by Troutman Pepper were at a significantly reduced rate, noting that attorney Lacy's standard billing rate is $950.00 per hour and attorney Marwaha's standard billing rate is $440.00 per hour. As mentioned above, "[t]he attorney's actual billing rate . . . is 'presumptively appropriate,'". *People Who Care v. Rockford Bd. Of Educ. Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) (citation omitted). Here, the Court finds the attorneys' billing rates to be reasonable. Significantly, Plaintiff "does not take issue with the hourly rates charged by defense counsel or their experience." [133], p. 2. The Court will therefore apply the proposed rates to the lodestar calculation.

    B. Hours Expended

It is the fee applicant's "burden [to establish] entitlement to an award and document[] the appropriate hours expended." *Favela v. Boyd*, No. 15 C 4028-JES-JEH, 2021 WL 808732, at *3 (C.D. Ill. Mar. 3, 2021). The Court should "exclude . . . hours that were not 'reasonably expended.'" *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). In so doing, the Court is "not obligated to conduct a line-by-line review of the bills to assess the charges for reasonableness." *Rexam Beverage Can Co. v. Bolger*, 620 F.3d 718, 738 (7th Cir. 2010).

Defendant seeks fees for 38.1 total hours of attorneys' and paralegal's time in association with the motion to dismiss [125-2]. In his response brief, Plaintiff argues defense counsel should not be awarded fees for attorney Marwaha's time spent on April 29, 2022, relating to the proposed entry of a protective order. The Court agrees with Plaintiff that counsel time spent working collectively to present a proposed protective order to the Court should be excluded from Defendant's petition for attorneys' fees. The docket does not reflect – nor does the Court recall – any protracted dispute over the negotiation or entry of the protective order. Therefore, the Court will exclude those fees. In addition to the April 29, 2022, entry of $28.50 for "correspondence with Plaintiff's counsel" regarding the protective order, the Court further notes entries regarding the protective order on April 15, 2022, of $114.00 (for attorney Lacy), and on May 2, 2022, of $28.50 (for attorney Marwaha), for a total of $171.00. Therefore, the Court limits its analysis of the fee petition to the remaining time.

Defense counsel requests fees for time spent communicating with opposing counsel as well as their client on issues related to the motion to dismiss. The Court finds these communications and the amount of time spent on them to be generally reasonable and therefore awards them. *See,*

2

*e.g.*, *Haywood v. Wexford Health Sources, Inc.*, No. 16 C 3566, 2021 WL 2254968, at *45 (N.D. Ill. June 3, 2021) (finding that necessary work included communications for purposes of the Rule 37.2 meet-and-confer process).[1]

Defendant also requests fees for time spent reviewing documents, drafting the motion to dismiss, and corresponding documents. The Court finds that the time billed for the work in drafting was reasonable. *See, e.g.*, *Heneghan v. City of Chicago*, No. 9 C 759, 2010 WL 3715142, at *2 (N.D. Ill. Sept. 14, 2010).

C. Plaintiff's motion to extend discovery

Plaintiff has, once again, filed a motion to extend the discovery deadline [127]. As the parties are well aware, discovery has been ongoing in this case for over two years. In the Court's June 16, 2022, order granting in part Defendant's motion to dismiss [124], the Court set out Plaintiff's repeated failures to comply with discovery deadlines and orders. Despite the Court's willingness to grant Plaintiff countless continuances, Plaintiff again and again failed to comply. In the order, the Court stated it would not entertain any further motions to extend discovery. Therefore, Plaintiff's motion to extend discovery, filed on July 21, 2022 [127], is denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's petition for award of attorneys' fees [125], is granted in part and denied in part. Plaintiff is ordered to pay Defendant the amount of $10,697.50. Plaintiff's motion to extend discovery [127], is denied. The Court will take up any motion filed by either party regarding how to proceed with this case. Any motion is due by August 19, 2022.

Date: 08/05/2022                 ENTER:

*Margaret J. Schneider*
United States Magistrate Judge

---

[1] The Court also notes that opposing counsel did not specifically object to the reasonableness of these (or any of the other) time requests contained in the fee petition.