IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Stewart Davies ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50208 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| LoanCare, LLC ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

It is the Court's Report and Recommendation that Defendant LoanCare, LLC's Motion to Dismiss [139], be granted. Any objection to this Report and Recommendation must be filed by December 13, 2022. Failure to object may constitute a waiver of objection on appeal. *See Goyal v. Gas Tech. Inst.,* 389 Fed. App'x 539, 543 (7th Cir. 2010).

**BACKGROUND**

Plaintiff Stewart Davies ("Plaintiff") brings claims under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq.*, and the common law of contract [1-1]. Plaintiff alleges that Defendant LoanCare, LLC ("Defendant") failed to credit or acknowledge payments made by Plaintiff, in violation of Plaintiff's home loan agreement, and failed to reasonably accommodate his disability. *Id*. On June 16, 2022, the Court granted in part Defendant's motion to dismiss and to enter sanctions [124]. In that order, the Court extended the deadline for written discovery to July 21, 2022, and advised that no further extensions would be entertained. *Id*. On August 5, 2022, after receiving Defendant's petition for award of attorneys' fees [125], as well as Plaintiff's (late) response to the petition [133], the Court granted in part Defendant's petition [136]. In that order, the Court denied Plaintiff's motion to extend discovery [127] and allowed either party to file a motion suggesting how the case should proceed. Plaintiff filed a motion for extension of time to file his "dispositional" motion [137] and the Court granted both parties additional time to file any such motion [138]. On September 2, 2022, Defendant filed a motion to dismiss [139], which is the subject of this order. Plaintiff then filed another motion for extension of time to file a "dispositional" motion [140], which the Court granted [141]. On September 7, 2022, Plaintiff filed a third motion for extension of time to file a "dispositional" motion [142]. The Court denied this motion but gave Plaintiff additional time to respond to Defendant's motion to dismiss and set a reply date for Defendant [143]. On October 7, 2022, the day Plaintiff's response brief was due, Plaintiff sent his response to the Court's Chambers' email (at 7:14 p.m.). The Court directed the Clerk to file the response on the docket and extended the time for Defendant to reply [144]. Defendant filed his timely reply on October 25, 2022 [146]. Defendant's motion to dismiss [139], is now before the Court for a Report and Recommendation to the District Court Judge.

In the motion, Defendant argues, among other things, that Plaintiff's claims should be dismissed based on his repeated failures to comply with this Court's discovery orders. Plaintiff responds that dismissal is not appropriate because the parties continue to disagree over discovery requests. Defendant replies that Plaintiff's characterization of the case's history as nothing more than discovery disputes is disingenuous, and the discovery issues amount solely to Plaintiff's failure to comply with Court orders.

In its June 16, 2022, order, the Court set out (in some detail) the procedural history of this case, including the protracted discovery. *See* [124]. In an effort to provide an accurate Report, the Court repeats that history here in addition to the relevant filings after June 16, 2022.

On August 3, 2020, the Court adopted the parties' proposed case management order, which set a deadline of August 25, 2020, for the parties' initial disclosures and a fact discovery end date of December 17, 2020 [22]. On September 21, 2020, Defendant served written discovery requests on Plaintiff [25]. Responses were due by October 21, 2020 [95, 2]. On October 21, 2020, Plaintiff filed a motion for extension of time until November 12, 2020, to complete his written responses, claiming that counsel needed additional time to review Plaintiff's detailed medical records [30]. On October 29, 2020, the Court granted the motion, which was unopposed [33]. On November 2, 2020, Plaintiff filed a motion for leave to submit his initial disclosures even though the deadline had expired by over two months [35]. On November 3, 2020, the Court granted the motion, which was unopposed [36].

A week later, Defendant filed a motion to extend the fact discovery end date, based on Plaintiff's failure to timely produce discovery [37]. Thereafter, the Court extended the fact discovery cutoff to February 16, 2021 [42]. The Court also granted Plaintiff's oral motion to extend the deadline to submit his responses to Defendant's discovery requests to November 30, 2021. *Id.* Defendant then filed a motion to dismiss Plaintiff's complaint for failing to comply with the Court's discovery orders or, in the alternative, compelling Plaintiff's responses to outstanding discovery requests and entering sanctions [43]. On December 22, 2020, the Court denied Defendant's motion to dismiss and ordered Plaintiff to respond to Defendant's discovery requests by January 15, 2021 [47]. The Court warned Plaintiff that the "failure to comply with [its] order will result in [a] report and recommendation that sanctions be imposed." *Id.*

On January 15, 2021, Plaintiff served answers to Defendant's discovery requests [48]. During a hearing a few days later, the Court granted Defendant's oral motion to extend the fact discovery end date to March 16, 2021 [49]. On January 29, 2021, counsel for Defendant sent correspondence to Plaintiff outlining various deficiencies in Plaintiff's discovery responses and requesting supplemental responses by February 12, 2021 [95-2]. Subsequently, on February 24, 2021, Defendant filed a motion to compel the supplemental responses [54]. Thereafter, the Court granted Plaintiff's oral motion to extend time to March 25, 2021, to supplement its responses. [57].

Then, on April 12, 2021, Plaintiff's attorney filed a motion to withdraw as counsel [59], which the Court granted. Given the change in counsel, the Court also dismissed Plaintiff's motion to compel without prejudice [60].

2

On May 12, 2021, the Court held a telephonic status conference where new counsel appeared on Plaintiff's behalf and requested time to familiarize himself with the case file [63]. The Court struck the fact discovery deadline and gave Plaintiff until June 11, 2021, to provide the outstanding supplemental discovery responses that were the subject of the motion to compel [63]. The Court subsequently granted Plaintiff a short extension of time until June 25, 2021, to provide the supplemental discovery responses [64]. On that deadline (June 25, 2021), Plaintiff asked the Court to extend the fact discovery close, stating that he needed to subpoena certain phone records and therefore needed more time to complete discovery [65]. The Court granted the motion, extending the fact discovery deadline to September 30, 2021 [66]. On August 2, 2021, the Court held a telephonic status conference during which it granted Plaintiff a further extension to September 10, 2021, to provide the outstanding discovery responses to Defendant [67]. Again, on the deadline for Plaintiff's supplemental disclosures (September 10, 2021), Plaintiff filed a motion for extension of time [68]. On September 13, 2021, the Court denied Plaintiff's motion for failure to comply with the Court's meet and confer requirement and ordered Plaintiff to include in the upcoming status report information regarding what, if any, discovery had been responded to and the reasons for the delay. [69]

On September 17, 2021, the parties filed the joint status report [70], and Plaintiff filed another motion for extension of time [71]. Plaintiff stated that he was still waiting to receive a response to his subpoena for phone records. *Id.* In addition, Plaintiff stated that Defendant disclosed a number of audio recordings that counsel needed additional time to review. *Id.* On September 21, 2021, the Court granted Plaintiff's motion, giving him until September 24, 2021, to provide the Court with a copy of the subpoena he issued to the phone company, and extending the fact discovery deadline as well as the deadline for Plaintiff to provide the supplemental responses to November 30, 2021 [72]. On September 24, 2021, Plaintiff filed another extension of time to provide the subpoena [73]. The Court granted this motion [74]. Thereafter, Plaintiff filed two more motions for extensions of time to provide the Court with the requested documents [74], [77]. Finding that counsel's time would be better spent working on discovery responses, the Court relieved counsel of the requirement to provide the subpoena [78].

On December 10, 2021, Plaintiff's attorney filed a motion to withdraw as counsel [81]. At the telephonic status conference on the same day, Plaintiff's attorney withdrew the motion and moved orally to further extend fact discovery [82]. The Court granted the motion, over Defendant's objection, extending the fact discovery end date to December 22, 2021. *Id.* On December 31, 2021, Defendant filed a status report informing the Court that Plaintiff had produced some additional minimally relevant information but had yet to produce any information responsive to the outstanding discovery requests related to Plaintiff's alleged damages [85].

On January 11, 2022, Plaintiff's counsel filed another motion to withdraw his representation [87], which the Court denied a few days later for failure to provide a sufficient reason to withdraw his representation [93]. During a telephonic hearing on January 20, 2022, the Court granted Plaintiff one more day to produce any additional documentation in response to the outstanding discovery requests. [89]. On Saturday, January 22, 2022, Plaintiff filed yet another motion for extension of time through that same day to complete the discovery [90]. On January 24, 2022, the Court denied Plaintiff's motion to extend discovery, noting that the filing was inappropriate as it was beyond the due date [91]. The Court also noted that it assumed counsel

had disclosed the discovery as stated in the motion. *Id.* On February 2, 2022, Defendant filed its renewed motion to dismiss and for sanctions [94]. At 11:59 p.m. on the day his response brief was due, Plaintiff filed a motion for extension of time to respond to the motion [97]. As requested, the Court gave Plaintiff two extra days to file the response brief [98], and again, Plaintiff filed another motion for extension of time after hours on the date the brief was due [99]. Plaintiff eventually filed his response brief two days after its extended due date.

In March, April, and May of 2022, Plaintiff filed three motions for extension of time to complete fact discovery [112], [115], [117], which the Court granted [113], [116], [119]. On May 30, 2022, Plaintiff filed a fourth motion to extend time to complete fact discovery [121]. On June 16, 2022, the Court granted in part and denied in part Defendant's motion to dismiss and for sanctions [124]. Additionally in that order, the Court granted Plaintiff's motion to extend discovery [121] in part – based on Plaintiff's representations in a status report that Plaintiff would make substantial progress on discovery prior to leaving on a vacation scheduled for June 18, 2022 – giving him until July 21, 2022, to complete all written discovery. The Court made clear no further motions for extensions of time would be entertained [124]. Plaintiff filed a fifth motion to extend discovery on July 21, 2022 [127]. On August 5, 2022, the Court granted in part Defendant's fee petition – ordering Plaintiff to pay Defendant $10,697.50 in fees [136]. Also in that order, the Court denied Plaintiff's motion to extend discovery, reminding Plaintiff that the Court previously stated there would be no more extensions of discovery [136]. The Court allowed both parties to file motions setting forth how they believed this case should proceed. *Id*. Defendant filed the motion to dismiss [139] which is the subject of this order. The Court granted Plaintiff additional time to file any relevant motion [137] but denied Plaintiff's request for a second continuance [143]. The Court gave Plaintiff adequate time to respond to Defendant's motion to dismiss, which he did [145]. Defendant filed its reply [146].

In its motion, Defendant argues dismissal of this suit is proper under Fed. R. Civ. P. 37 and 41, and the Court's August 5, 2022, order granting in part Defendant's petition for award of attorneys' fees and denying Plaintiff's motion to extend discovery. *See* [136].

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) provides for sanctions where a party has obstructed discovery by failing to comply with a court order. Fed. R. Civ. P. 37(b)(2)(A). "The sanctions outlined in Rule 37 provide a district court with valuable tools for preventing the parties to a lawsuit from 'unjustifiably resisting discovery.'" *Tamari v. Bache & Co. (Lebanon) S.A.L.*, 729 F.2d 469, 472 (7th Cir. 1984). In addition, they "provide the district court with an effective means of ensuring that litigants will timely comply with discovery orders." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 670 (7th Cir. 1996). "District courts must be able to enforce deadlines to effectively manage their docket." *Equal Employment Opportunity Commission v. Wal-Mart Stores East, L.P.*, 46 F.4th 587, 601 (7th Cir. 2022). The exercise of the Court's power to sanction "requires [it] to find that the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake before it may choose dismissal as a sanction for discovery violations." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). Where sanctions are called for, the court must ensure that they are proportional to the underlying conduct. *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). In addition to a failure to comply with a court order regarding

discovery, the court may, under Rule 37(b)(2)(A), dismiss a case for a failure to comply with a court order directing a party to pay sanctions. *Bedford v. Neighborhood Connections*, 173 Fed. Appx. 502, 505-06 (7th Cir. 2006) ("[C]ourt was within its discretion to sanction [plaintiff's conduct] with a fine and, when [plaintiff] refused to pay the fine, dismiss the case.").

Under Fed. R. Civ. P. 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." There is no requirement that the court enter a lesser sanction or that the court provide plaintiff with a warning prior to dismissal. "There is no need to warn that dismissal is coming when, as here, the defendant files a motion with notice to the plaintiff asking for dismissal…In such a situation, the plaintiff has an opportunity to explain itself by responding to the motion…If, after hearing from both sides, the district court believes dismissal is appropriate, no purpose would be served by issuing a warning: the motion itself was the warning." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 933 (7th Cir. 2018) (citations omitted). *See also Nelson v. Schultz*, 878 F.3d 236, 238-39 (7th Cir. 2017) (Both Rule 37(b) and 41(b) require that the judge tailor sanctions proportional to the conduct. Court found "judge did not abuse his discretion [in dismissing plaintiff's case] because [plaintiff's] discovery violations were willful and repeated."). "The standards for dismissal under Rules 41(b) and 37(b) overlap, but there are differences between the two. Under Rule 41(b), a case should only be dismissed when there is a clear record of delay or contumacious conduct, or when other drastic sanctions have proven unavailing. Rule 37, on the other hand, requires a finding of willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011) (citations and quotations omitted).

**ANALYSIS**

Defendant's motion seeks relief pursuant to Rule 37(b)(2), which authorizes sanctions as severe as dismissal if a party "fails to obey an order to provide or permit discovery," Fed. R. Civ. P. 37(b)(2). As noted above, in June, the Court granted in part and denied in part Defendant's motion to dismiss and to enter sanctions [124]. In that order, the Court ordered a monetary sanction and accepted Plaintiff's representations that Plaintiff would make "substantial production" of discovery prior to leaving on a vacation and granted Plaintiff an extension of time to complete this discovery. The Court gave Plaintiff until July 21, 2022, to accomplish this and made clear to Plaintiff that the Court would not entertain any further motions to extend written discovery. As the record in this case now bears out, Plaintiff did not keep the promise, filed a subsequent motion for extension of time (which the Court denied), and ultimately did not produce the discovery as ordered.

In its brief, Defendant advises the Court that based on Plaintiff's claims of breach of contract and a violation of the Americans with Disabilities Act, the discovery sought by Defendant – including Plaintiff's payment history, records of payments allegedly made, whether Plaintiff initially breached his mortgage, information regarding Plaintiff's claimed disability, how his disability prevents him from continuing to make mortgage payments, and why the sought-after accommodation would be reasonable – is necessary to understand Plaintiff's claims and would allow Defendant to properly prepare defenses to the claims. Clearly, Plaintiff's refusal to provide answers and documents responsive to the discovery requests prejudices Defendant. The Court finds that dismissal of this suit is a proportional sanction to Plaintiff's conduct and recommends

such sanction to the District Court.

Despite the Court's willingness to grant Plaintiff repeated motions for extensions of time to produce discovery to Defendant, Plaintiff has refused to comply with his discovery obligations and the Court's orders for well over a year. In *Brown*, the Seventh Circuit found dismissal of plaintiff's actions warranted as a sanction for similar discovery violations. There, the court found plaintiff's discovery violations comparable to the plaintiffs' conduct in *Aura Lamp & Lighting v. International Trading Corp.*, 325 F.3d 903, 904-06 (7th Cir. 2003), where plaintiff "repeated[ly] faile[d] to meet court-ordered deadlines despite several extensions, including 'one final extension' and a warning that dismissal was impending." *Brown*, 664 F.3d at 191. In *Brown*, plaintiffs missed five discovery deadlines, violated two court orders, and completely failed to respond to numerous interrogatories. *Id*. The court further held "[t]he dismissal is further supported by the fact that the district court first attempted to use the less severe sanction of paid expenses to compel compliance from [plaintiffs], but to no avail." *Id*. at 191-92. Here, Plaintiff's conduct is even more severe. Plaintiff has motioned the Court for over 20 continuances. Within those motions, Plaintiff has made specific representations that discovery would progress. Relying on these representations and giving Plaintiff the benefit of the doubt, the Court granted these motions again and again, eventually giving Plaintiff a final admonition of no further extensions. *See* [24]. The Court has also directed Plaintiff to specifically comply in two Court orders – first, directing Plaintiff to respond to Defendant's outstanding discovery requests by July 21, 2022 [124], and second, directing Plaintiff to pay Defendant $10,697.50 in attorneys' fees in connection with Defendant's first motion to dismiss. As represented by Defendant, Plaintiff has failed to comply with either Court order.

"Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was 'at fault' for the failure to comply with discovery orders. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had 'extraordinarily poor judgment' or gross negligence, rather than mere mistake or carelessness." *Wentworth v. Columbia County*, 19-cv-514-jdp, 2020 WL 3542688, at *1 (W.D. Wisc. June 30, 2020) (citing *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775-76 (7th Cir. 2016)). Defendant argues that Plaintiff's failure to adequately respond to Defendant's discovery requests was willful and due to Plaintiff's fault. Defendant further argues that Plaintiff's conduct has led to two years of unnecessary motion practice which has increased Defendant's costs, without any progress being made toward resolution. The Court agrees that Plaintiff's failure to cooperate in discovery has frustrated Defendant's ability to defend in this litigation. Additionally, the Court's efforts to keep discovery moving forward were met, unfortunately, not with progress, but with repeated motions for extensions of time.

For his part, Plaintiff argues in his response brief that dismissal is not the appropriate sanction "given the ongoing nature of the discovery dispute." [145]. He further argues Defendant's effort to secure dismissal based on Plaintiff's failure to pay attorneys' fees, as ordered by the Court, "is misguided." Plaintiff provides no further arguments, nor does Plaintiff provide the Court with any supporting case law to bolster his arguments or directly respond to Defendant's position in Defendant's opening brief. Moreover, Plaintiff fails to point the Court to any specific discovery dispute or provide a basis for his refusal to pay attorneys' fees, as directed. While the procedural history of this case may support a finding that Plaintiff has acted willfully and in bad faith, the

6

Court finds that Plaintiff, at the very least, has shown "extraordinarily poor judgment" or "gross negligence" and, therefore, is directly at fault for the failure to comply with the Court's discovery orders.

For the above reasons, the Court recommends dismissal of this suit under Fed. R. Civ. P. 37(b)(2). Plaintiff has failed to participate meaningfully in the discovery process and has failed to obey two Court orders. The Court finds Plaintiff is directly at fault by exhibiting extraordinarily poor judgment. This case has been languishing for more than two years – a year and a half of that time under current Plaintiff's counsel's inattentiveness. While severe, the Court finds that dismissal is the only appropriate remedy.

Finally, while the Court finds that a sanction of dismissal under Rule 41(b) – a stricter standard than a dismissal under Rule 37(b) (*see Brown*, 664 F.3d at 190-91) – may be appropriate and justified (here, there is a "clear record of delay or contumacious conduct"), because the Court finds dismissal appropriate under Rule 37(b)(2), the Court need not reach Defendant's argument of dismissal under Rule 41(b).

## CONCLUSION

For the foregoing reasons, it is the Court's Report and Recommendation that Defendant LoanCare, LLC's Motion to Dismiss [139], be granted. Any objection to this Report and Recommendation must be filed by December 13, 2022. Failure to object may constitute a waiver of objection on appeal. *See Goyal v. Gas Tech. Inst.,* 389 Fed. App'x 539, 543 (7th Cir. 2010).

Date: 12/01/2022  ENTER:

*Margaret J. Schneider*
United States Magistrate Judge